**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GERALD ALSTON,

             Plaintiff,

             v.

THE ESTATE OF EDWARD BIVENS, et al.,

             Defendants.

Civil Action No. 15-5558 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court on Defendants' motion to set aside the entry of default entered against them pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.[1] (ECF No. 7.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

Motions to vacate default are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The decision to vacate a default is left to the sound discretion of the district court. When deciding whether to vacate default, however, the court must consider three factors: "(1) [w]hether the plaintiff will be prejudiced [if the default is lifted]; (2) [w]hether the defendant has a meritorious defense; and (3) [w]hether culpable conduct of the defendant led to the default." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *see also United States v.*

---

[1] While Defendants title their application "motion to set aside default judgment" and indicate that they move under Rule 60(b)(6), a default judgment has not been entered against Defendants. Rather, the Clerk entered default against Defendants on August 12, 2015. Therefore, the Court construes Defendants' motion as a motion to set aside the entry of default pursuant to Rule 55(c).

*$55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). "There is a distinction between a default standing alone and a default judgment. . . . Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano*, 691 F.2d at 656. Where there is a close case, the Third Circuit has instructed that "doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)). Notably, on a motion to vacate default, "the Court 'need not decide the legal issue at this time; it is sufficient that [defendants'] proffered defense is not facially unmeritorious.'" *NuMed Rehab., Inc. v. TNS Nursing Homes of Pa., Inc.*, 187 F.R.D. 222, 224 (E.D. Pa. 1999) (quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir. 1987)).

The Court must deny Defendants' motion. Local Civil Rule 7.1(d)(1) provides that:

> [n]o application will be heard unless the moving papers and a brief, prepared in accordance with L. Civ. R. 7.2, and proof or acknowledgment of service on all parties, are filed with the Clerk at least 24 days prior to the noticed motion day. The brief shall be a separate document for submission to the Court, and shall note the motion day on the cover page.

L. Civ. R. 7.1(d)(1). Here, Defendants did not file a legal brief that conforms with Local Civil Rule 7.1(d)(1). In addition, Defendants failed to summarize their anticipated defense. This is fatal to Defendants' motion as the Court must consider whether Defendants have a meritorious defense in reaching its decision.

Accordingly,

**IT IS** on this 1st day of March 2016, hereby **ORDERED** that:

1. Defendants' motion to set aside the entry of default is denied without prejudice.

2. By **March 28, 2016**, Defendants may file a renewed motion to set aside the entry of default. The motion should be supported by a legal brief in conformance with Local Civil Rule 7.1(d).

s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
