**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GERALD ALSTON,

        Plaintiff,

v.

THE ESTATE OF EDWARD BIVENS, et al.,

        Defendants.

Civil Action No. 15-5558 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on two motions: (1) Defendants the Estate of Edward Bivins, Mark Bivins, Pam Bivins, and Lee Williams's (collectively, the "Estate Defendants") Motion to Set Aside Entry of Default (ECF No. 27), and Defendants Charles D. Hardy, Al Panzant, Harsey Hemphill, and Manhattan Entertainment, Inc.'s (collectively, the "Manhattan Entertainment Defendants") (the Estate Defendants and the Manhattan Entertainment Defendants, collectively "Defendants") Motion to Set Aside Entry of Default (ECF No. 28). The Court has considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Estate Defendants' Motion is granted, and the Manhattan Entertainment Defendants' Motion is denied.

**I.    Background**

    Plaintiff Gerald Alston ("Plaintiff") filed a Complaint against the Estate Defendants and the Manhattan Entertainment Defendants for violations of the Trademark Act of 1964 ("Lanham Act"), 15 U.S.C. § 1125(a) and (c). (Compl. ¶¶ 46-47, ECF No. 1.) After the Estate Defendants failed to file a timely response to the Complaint, the Clerk of the Court entered default against

the Estate Defendants. Approximately one week after the entry of default, the Estate Defendants filed a Motion to Set Aside the Entry of Default (ECF No. 7), and Plaintiff filed Opposition (ECF No. 8). The Court denied the Estate Defendants' Motion to Set Aside the Entry of Default without prejudice for failure to summarize their anticipated defense. (ECF No. 10.) Additionally, the Court noted that the Estate Defendants' briefs must conform with Local Civil Rule 7.1(d). (*Id.*) The Court permitted the Estate Defendants to file a renewed motion to set aside the entry of default. (*Id.*)

Subsequently, the Estate Defendants filed a Motion to Vacate Entry of Default. (ECF No. 13.) On April 6, 2016, Defendant Al Panzant ("Panzant") filed a second application for an extension of time to answer Plaintiff's Complaint. (ECF No. 14.) On April 8, 2016, Plaintiff filed opposition to the Estate Defendants' Motion to Vacate Entry of Default ("Pl.'s Opp'n to Estate Defs.' Mot."). (ECF No. 15.) At around the same time period, Panzant filed an application for an extension of time to answer, move, or otherwise reply to Plaintiff's Complaint (ECF No. 11), and Plaintiff opposed (ECF No. 16). The Court granted Panzant's application for an extension of time. (ECF No. 17.)

When the Manhattan Entertainment Defendants, including Panzant, failed to file a timely response to the Complaint, the Clerk of the Court entered default against the Manhattan Entertainment Defendants. (ECF No. 18.) In response, the Manhattan Entertainment Defendants filed a Motion to Set Aside Default (ECF No. 19), and filed an additional application for an extension of time to answer Plaintiff's Complaint (ECF No. 20). Plaintiff filed opposition to the Manhattan Entertainment Defendants' Motion to Set Aside Default. (ECF No. 21.) Upon review of the parties' submissions, the Court denied both Motions to Set Aside Entry of Default filed by the Estate Defendants and the Manhattan Entertainment Defendants. (ECF No. 26.) The Court

permitted Defendants to resubmit "a legal brief and certification that specifically sets forth the exact nature of the alleged meritorious defense(s)." (*Id.*) The Court further ordered that Defendants' submissions must conform to the Federal Rules of Civil Procedure and the Local Civil Rules. (*Id.*) Defendants, accordingly, filed the instant Motions to Set Aside Entry of Default. (ECF Nos. 27, 28.)

## II.  Discussion

Motions to enter default judgment and vacate default are both governed by Rule 55 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a)-(c). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The decision to vacate a default is left to the sound discretion of the district court. *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988). When deciding whether to vacate default, a court must consider three factors: (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

"There is a distinction between a default standing alone and a default judgment. . . . Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano*, 691 F.2d at 656. Where there is a close case, the Third Circuit has instructed that it "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)).

3

A.   **The Estate Defendants' Motion to Set Aside Entry of Default**

Here, all three factors weigh in favor of vacating the entry of default against the Estate Defendants. In regards to the first factor, "[p]rejudice to the plaintiff exists where a defendant is judgment-proof or where 'there has been a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *1199 SEIU United Healthcare Workers E. v. Amboy Care Ctr.*, No. 15-309, 2015 WL 3649031, at *3 (D.N.J. 2015) (quoting *Julaj v. Tau Assoc. LLC*, 2013 WL 4731751, at *4 (D.N.J. 2013)). Furthermore, courts in this jurisdiction have held that "the inconvenience and expense to a plaintiff of having to litigate on the merits do not rise to the level of prejudice required to satisfy this element." *Julaj*, 2013 WL 4731751, at *4; *see also Best Sign Sys., Inc. v. Chapman*, No. 09-5244, 2010 WL 3025166, at *2 (D.N.J. 2010) (noting that the plaintiff's expense and inconvenience of delay was not a sufficient level of prejudice to justify the entry of default judgment).

Plaintiff argues that lifting the default will prejudice him because Plaintiff has been involved in litigation with Defendants concerning priority ownership of THE MANHATTANS trademark "for over 20 years," and Defendants' continued use of the mark's goodwill is confusing customers and irreparably harming Plaintiff. (Pl.'s Opp'n to Estate Defs.' Mot. 5.) The Estate Defendants argue that Plaintiff will not be prejudiced because Plaintiff's ability "to present his arguments . . . and seek the same remedies" will not be hindered if entry of default is vacated. (Estate Defs.' Mot. 9, ECF No. 27.) Here, Plaintiff's argument is solely based on his anticipated inconvenience of having to litigate the case on the merits if the entry of default is vacated. Inconvenience alone, however, does not rise to the level of prejudice required to justify an entry of default judgment. *See Julaj*, 2013 WL 4731751, at *4.

With respect to the second factor, "[a] meritorious defense is one that 'if established at trial, would constitute a complete defense.'" *Id.* at *3 (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195). On a motion to vacate entry of default, the court "need not decide the legal issue at this time; it is sufficient that [the Estate Defendants'] proffered defense is not "facially unmeritorious." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Here, Plaintiff alleges that the Estate Defendants have violated Section 1226(a) and (c) of the Lanham Act by using and benefiting from THE MANHATTANS trademark. (*See* Compl. ¶¶ 46-47, ECF No. 1.) The Estate Defendants argue that "Bivins is the rightful owner of the mark because he has been using the mark since 1962 prior to Plaintiff and never ceased from using the mark." (Estate Defs.' Mot. to Set Aside Entry of Default 10.) Accordingly, the Court finds that the Estate Defendants have adequately presented a meritorious defense against Plaintiff's allegations at this stage of the proceedings.

The final factor "requires the Court to determine whether the default is the result of culpable conduct or merely "excusable neglect" on the part of the [the Estate Defendants]." *Julaj*, 2013 WL 4731751, at *3. "[C]ulpable conduct means actions taken willfully or in bad faith." *Gross*, 700 F.2d at 123-24. Here, the Estate Defendants' proffered reason for the delay in filing a response to the Complaint was because counsel was confirming that he "had the requisite credentials to appear in the matter." (Estate Defs.' Mot. 10.) The Estate Defendants have proffered reasons for the delay and have since filed submissions on time. Accordingly, the Court finds that the entry of default against the Estate Defendants was not the result of culpable conduct.

As all three factors weigh in favor of vacating the entry of default judgment against Estate Defendants, the Court grants the Estate Defendants' Motion.

### B. The Manhattan Entertainment Defendants' Motion to Set Aside Entry of Default

The Manhattan Entertainment Defendants have consistently disregarded the Court's Orders. First, after repeatedly requesting and receiving extensions of time from the Court to answer the Complaint, the Manhattan Entertainment Defendants defaulted. (ECF Nos. 11, 14, 17.) Notably, the Manhattan Entertainment Defendants have failed to provide any reasons for disregarding the Honorable Lois H. Goodman, U.S.M.J.'s order to submit an Answer by April 11, 2016. (ECF No. 17.) Additionally, the Court specifically ordered the Manhattan Entertainment Defendants to comply with the Local Civil Rules for future submissions. (ECF No. 26.) The Manhattan Entertainment Defendants, however, have failed to comply with the Local Civil Rules and have continued to submit deficient submissions in this matter.[1] (ECF Nos. 19, 28); *see, e.g., Havens v. Mobex Network Servs., LLC*, No. 11-993, 2012 WL 3600291, at *2 (D.N.J. Aug. 20, 2012) (noting that it would be appropriate to strike briefs for repeated failure to comply with the Local Civil Rules). Accordingly, any future submissions by the Manhattan Entertainment Defendants that fail to comply with the Court's orders, Local Civil Rules, or Federal Rules of Civil Procedure may not be considered by the Court.

Applying the three elements required on a motion to vacate entry of default, the Court finds that it cannot evaluate the Motion because it is unable to weigh the third factor—whether the Manhattan Entertainment Defendants' culpable conduct led to the default. Here, the Manhattan Entertainment Defendants provided no explanation for their failure to respond to the

---

[1] Local Civil Rule 7.1.(d)(1) provides that "[n]o application will be heard unless the moving papers and a brief, prepared in accordance with [Local Civil Rule] 7.2." L.Civ.R. 7.l(d)(l). In violation of Local Civil Rule 7.2, the Manhattan Entertainment Defendants' original and refiled briefs in support of their Motions to Set Aside Entry of Default: (1) fail to include a table of contents; (2) fail to include a table of authorities; (3) contain margins greater than one inch; and (4) fail to be formatted with double-spacing. (ECF No. 28-3.)

Complaint. Therefore, the Manhattan Entertainment Defendants' Motion to Vacate Entry of Default is denied.

## III. Conclusion

For the reasons set forth above, the Court GRANTS the Estate Defendants' Motion to Set Aside Entry of Default and DENIES the Manhattan Entertainment Defendants' Motion to Set Aside Entry of Default. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: July 11, 2017