# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

December 4, 2017

**LETTER OPINION**

**VIA CM/ECF**
All counsel of record

Re: *Gerald Alston v. The Estate of Edward Bivens., et al.*
Civil Action No. 15-5558 (MAS) (LHG)

Dear Counsel:

    This matter comes before the Court on Defendant Alvin Pazant,[1] Charles Hardy, Hersey Hemphill, and Manhattan Entertainment, Inc.'s (collectively, "Manhattan Defendants") motion for reconsideration. (ECF No. 31.) Plaintiff opposed the motion. (ECF No. 32.) The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Defendants' request for reconsideration is granted.

    The Manhattan Defendants ask the Court to reconsider its Order denying their Motion to Set Aside the Entry of Default (ECF No. 30). The Manhattan Defendants explain that the reason for default was entirely the fault of their attorney—logistical issues in the representation, unfamiliarity with the federal rules, and family and personal obligations relating to the care of counsel's relative contributed to the default. (*See* Defs.' Moving Br; Certification of James Key, Esq., ECF No. 31-1.) The Manhattan Defendants offered this information in response to the Court's denial to set aside the entry of default because the Defendants did not previously provide information for the Court to assess whether it was the Defendants' culpable conduct that led to the default. (Defs.' Moving Br. 8.) Plaintiff argues that this is an inappropriate basis for reconsideration because this information could have previously been submitted to the Court in connection with either the Manhattan Defendants' Motion to Set Aside the Entry of Default or in response to the Court's Order to Show Cause why the denial should not be with prejudice. (Pl.'s Opp'n Br. 3-6, ECF No. 32.)

    Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) "an intervening change in controlling law"; (2) "[new] evidence not previously available"; or (3) "to correct a clear error of law or prevent manifest injustice." *See id.* (citation omitted).

---

[1] Improperly pled as Al Panzant. (Defs.' Moving Br. 5, ECF No. 31-2.)

The first two grounds do not apply here. There has been no change in the controlling law and no new evidence that was not previously available. The Court, however, will grant reconsideration to prevent a manifest injustice. As Plaintiff noted in his brief, this information could (and should) have been submitted to the Court on the previous motion. Although a motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made, *see Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001), the Court will nevertheless grant reconsideration in this instance. In light of the specific facts of this individual case, the Court will not penalize the Manhattan Defendants here, where it was the conduct of their attorney and not the Defendants, that led to the default.

Accordingly, for the foregoing reasons, the Manhattan Defendants' request for reconsideration is granted.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**